

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

Signed July 27, 2006                                                            **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 05-87180-BJH-7 |
| | § | |
| Roby F. Terrill | § | |
| | § | |
| Debtor. | § | (Chapter 7) |

**MEMORANDUM AND ORDER REGARDING AMENDED**
**APPLICATION FOR AWARD OF ATTORNEY'S FEES PURSUANT**
**TO THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412)**

On this day the Court considered the Amended Application for Award of Attorney's Fees (the "Application") pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412) (hereinafter the "EAJA") filed by Roby F. Terrill (the "Debtor"). Howard Marc Spector ("Spector") appeared as counsel for the Debtor. No appearance was made by the Office of the United States Trustee or otherwise on behalf of the United States. Having considered the pleadings, the evidence, and the arguments of the Debtor's counsel, the Court finds and concludes as follows:

1.     The United States Trustee filed a motion to dismiss the Debtor's bankruptcy case under 11 U.S.C. § 707(b)(3) on March 6, 2006 (the "Motion").

2. A hearing was held on the Motion on June 8, 2006.

3. For the reasons stated on the record at the June 8, 2006 hearing, an order was entered denying the Motion on June 19, 2006 (the "Order").

4. No appeal or motion to reconsider the Order was filed. Accordingly, the Order became final on June 29, 2006 pursuant to Federal Rule of Bankruptcy Procedure 8002.

5. Thereafter, the Debtor timely filed the original version of the Application. In the Application, the Debtor seeks to recover, under the EAJA, the reasonable attorneys' fees he incurred in defending against the Motion.

6. The Court has core jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.

7. Notice and service of the Application was due, sufficient and proper.

8. No objection to the Application was filed.

9. Unless the United States Trustee meets its burden to prove that its position with respect to the Motion was "substantially justified" or that special circumstances would make an award unjust in this case, an award of attorneys' fees is mandated by 28 U.S.C. § 2412(d)(1)(A) in the event that the Application meets the following four (4) requirements:

   (i) The Application demonstrates that the applicant (*i.e.*, the Debtor) is the "prevailing party."

   (ii) The Application satisfies the timing provisions of the EAJA by seeking an award of fees within thirty days of the final disposition of the matter (*i.e.*, the Motion).

...

    (iii)    The applicant satisfies the net worth requirements, which in this case would require that the Debtor prove that his net worth did not exceed $2 million at the time the Motion was filed.

    (iv)    The Application contains an itemized statement of the actual time expended in connection with the matter (*i.e.* the defense of the Motion on behalf of the Debtor).

10. The Application and the evidence presented satisfied each of the four requirements specified in Paragraph 9 of this Memorandum and Order.

11. The rate at which attorneys' fees are to be compensated under the EAJA is capped at $125.00 per hour, but the $125.00 hourly figure can also be increased by reason of increases in the cost of living since 1996 (the time when the revised $125.00 hourly cap became effective). To further the purposes of the EAJA, and based upon the prevailing market rate for attorneys practicing within the Northern District of Texas, the Court finds that an inflation adjustment is appropriate to insure that debtors within the Northern District of Texas are adequately represented. The evidence demonstrated that the appropriate inflation adjustment is 24.6219%, making the appropriate hourly rate $155.77.

12. Spector submitted an itemization of fees, showing that he expended 25 hours handling the Motion. The time expended by Spector was reasonable in light of the task, the services rendered, and the results achieved. Utilizing the $155.77 hourly rate, the total attorneys' fees are calculated as follows:

    25 hours x $155.77 per hour = $3,894.25

13. The United States Trustee failed to present any evidence to meet its burden of proof that its position with respect to the Motion was "substantially justified" or that special circumstances make an award unjust in this case.

14. For the foregoing reasons, and those articulated on the record at the hearing on the Application, which additional findings of fact and conclusions of law are incorporated herein by reference, the Court grants the Application and awards the Debtor $3,894.25 in attorneys' fees. It is therefore

ORDERED that the United States Department of Justice, Office of the United States Trustee, shall pay the Debtor the sum of $3,894.25 for attorneys' fees incurred in connection with the Motion.

# # # End of Order # # #